| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| COUNTY OF CUMBERLAND | SUPERIOR COURT DIVISION |
| | 19 CVS 3742 |

ANTHONY THOMPSON,

    Plaintiff,

v.

BALFOUR BEATTY INFRASTRUCTURE, INC., BALFOUR BEATTY CONSTRUCTION LLC, BALFOUR BEATTY EQUIPMENT, LLC, BALFOUR ENTERPRISES, INC, BRANDSAFWAY SERVICES LLC, SAFWAY GROUP HOLDINGS LLC, BRANDSAFWAY LLC, BRANDSAFWAY INDUSTRIES LLC, BRANDSAFWAY SOLUTIONS LLC, SAFWAY LLC, THYSSENKRUPP SAFWAY, INC., and SAFWAY TRANSFER AND STORAGE, INC.

    Defendants.

AMENDED COMPLAINT



Pursuant to Rule 15 of the North Carolina Rules of Civil Procedure, there having been no answer or other response filed by the defendants, the plaintiff herein amends his complaint as a matter of right as follows:

NOW COMES the Plaintiff, Anthony Thompson (hereinafter referred to as "Plaintiff", by and through his counsel of record, complaining of the defendants, Balfour Beatty Infrastructure, Inc. (hereinafter "BBI") and Balfour Beatty Construction, LLC (hereinafter "BBC"), Balfour Beatty Equipment LLC (hereinafter "BBE"), Balfour Enterprises, Inc., (hereinafter "BE") (collectively referred to as the "Balfour defendants"), Brandsafway Services LLC, Safway Group Holdings, LLC, BrandSafway LLC, BrandSafway Industries LLC, BrandSafway Solutions LLC,

1

Safway LLC, Thyssenkrupp Safway, Inc., and Safway Transfer and Storage, Inc. (collectively referred to as "Safway Defendants"), and as a cause of action, alleges and says:

1. Plaintiff Anthony Thompson is a citizen and resident of Fayetteville, Cumberland County, North Carolina.

2. Upon information and belief, Brandsafway Services LLC, is a foreign corporation formerly known as Safway Services, LLC and is licensed to do business in the state of North Carolina.

3. Upon information and belief Safway Group Holdings, LLC is a foreign corporation licensed to do business in the state of North Carolina.

4. Upon information and belief, BrandSafway, LLC is a foreign corporation formerly known as Brand Scaffold Builders and Brand Energy Solutions, LLC.

5. Upon information and belief, BrandSafway Industries, LLC is a foreign corporation and is licensed to do business in the State of North Carolina.

6. Upon information and belief, BrandSafway Solutions, LLC is a foreign corporation and is licensed to do business in the State of North Carolina with offices at 6517 Hilburn Drive, Raleigh, North Carolina.

7. Upon information and belief, Safway, LLC is a foreign corporation and is licensed to do business in the State of North Carolina

8. Upon information and belief, Thyssenkrupp Safway, Inc. is a foreign corporation and is licensed to do business in the State of North Carolina.

9. Upon information and belief, Safway Transfer and Storage, Inc. is a foreign corporation and is licensed to do business in the State of North Carolina.

10. Upon information and belief, the Safway defendants, Brandsafway Services LLC, Safway Group Holdings, LLC, BrandSafway LLC, BrandSafway Industries LLC,

2

BrandSafway Solutions LLC, Safway LLC, Thyssenkrupp Safway, Inc., and Safway Transfer and Storage, Inc., (hereinafter referred to as Safway defendants) Safway defendants collectively, or in the alternative individually, were in the business of providing, renting, erecting and maintaining scaffolding on job construction sites, including the one at issue in this action.

11. Upon information and belief, Balfour Beatty Infrastructure, Inc. (hereinafter BBI) is a foreign corporation licensed to do business in the state of North Carolina and is formerly known as Balfour Beatty Construction, Inc.

12. Upon information and belief, Balfour Beatty Equipment, LLC (hereinafter BBE) is a foreign corporation licensed to do business in the state of North Carolina.

13. Upon information and belief, Balfour Enterprises, Inc. (hereinafter BE) is a foreign corporation licensed to do business in the state of North Carolina.

14. Upon information and belief, Balfour Beatty Construction, LLC (hereinafter "BBC") is a foreign corporation licensed to do business in the state of North Carolina.

15. Upon information and belief, Balfour Beatty Infrastructure, Inc. (hereinafter "BBI") and Balfour Beatty Construction, LLC (hereinafter "BBC"), Balfour Beatty Equipment LLC (hereinafter "BBE"), Balfour Enterprises, Inc., (hereinafter "BE") (collectively referred to as the "Balfour defendants"), collectively, or in the alternative individually, served as the general contractor on the construction site identified in this action, (hereinafter referred to as Balfour Defendants).

16. On or about June 28, 2016, Thompson was employed by Contaminant Control, Inc., a North Carolina corporation as an environmental technician and was working on a job site at an apartment building in Cary, Wake County, North Carolina.

3

17. As part of Thompson's job duties, he was removing windows from the existing building while working on scaffolding twelve (12) to thirteen (13) stories above the ground.

18. Upon information and belief, the Balfour defendants were the general contractor on the project and were responsible for securing the premises of the project.

19. Upon information and belief, the Safway defendants owned and constructed the scaffolding and was at all times relevant to this action responsible for its condition, maintenance and repair.

20. On or about June 28, 2016, a representative from the Balfour defendants known as "Mike" was onsite supervising the construction site.

21. Prior to and on or about June 28, 2016, upon information and belief a representative of the Safway defendants was onsite at all relevant times.

22. The Balfour defendants' representative would provide daily safety instruction to the various subcontractors onsite including Thompson which consisted of merely stating "be safe".

23. On or about June 28, 2016, rain was falling on the construction site and on the scaffolding creating a potentially hazardous condition.

24. Despite these conditions, the Balfour defendants' representative known as "Mike" instructed and ordered the Contaminant Control, Inc., employees, including Thompson, to continue working on the project. That at all times mentioned herein the Balfour defendants' representative known as "Mike" was an agent and employee of the Balfour defendants and the Safway defendants and was working within the course and scope of their employment for the Balfour defendants and the Safway defendants. That the negligent acts and omissions of "Mike" is imputed to the Safway defendants and the Balfour defendants under the theory of respondeat superior.

25. Defendants did not install or cause to be installed safety rails on the scaffolding, including but not limited to the steps of the scaffolding, at any time prior to the events of June 28, 2016.

26. Defendants did not install or cause to be implemented a fall arrest system at any time prior to the events of June 28, 2016.

27. Defendants did not install or cause to be installed any anti-slip surfacing on the scaffolding at any time prior to the events of June 28, 2016.

28. On June 28, 2016, Thompson ascended the stairs of the scaffolding and began his job duties that day which included removing nails and moving boards.

29. As Thompson descended the steps, carrying no items, he slipped due to the water accumulating on the steps from the rain and fell downs approximately ten (10) steps landing on his back.

30. As a result of the fall, Thompson suffered permanent and painful bodily injuries about his head, neck and back.

## NEGLIGENCE

31. Plaintiff Thompson incorporates by reference paragraphs 1-30 as if fully set forth herein.

32. The Defendants, and their agent and employee, "Mike" were negligent and such negligence was a proximate cause of Thompson's injuries as follows:

   a. Safway defendants and Balfour defendants failed to install or cause to be installed safety devices including but not limited to a fall arrest system on the day of the accident;

5

b. Safeway defendants and Balfour defendants failed to install or cause to be installed safety devices including but not limited to safety rails on the scaffolding including but not limited to the stairs;

c. Safeway defendants and Balfour defendants failed to install or cause to be installed safety devices including but not limited to anti-slip surfacing;

d. Safeway defendants and Balfour defendants failed to install or cause to be installed safety devices including but not limited to other safety measures designed to prevent such incidents as that suffered by Thompson;

e. The Safway defendants, the Balfour defendants and their agent and employee "Mike" are further negligent in that they instructed Contaminant Control, Inc., employees, including the plaintiff to proceed with work on the date of the incident despite the weather conditions which posed a foreseeable risk of injury;

33. Defendants had a duty imposed by law to use ordinary care to keep the premises in a reasonably safe condition for subcontractors like Thompson who use the premises in a reasonable and ordinary manner.

34. Defendants breached this duty, through the actions of their agents or employees, while acting within their scope of employment, in that Defendants:

a. Allowed unsafe scaffolding when Defendants knew, or in the exercise of reasonable care should have known, that the stairs created an unreasonable risk of harm to workers, including Thompson;

b. Failed to take reasonable care in the maintenance and supervision of its premises for the protection of workers present, including Thompson;

c. Failed to conduct reasonable inspections of the premises that would reveal dangerous conditions;

6

d. Failed to take reasonable precautions to keep the scaffolding in a reasonably safe condition thru the use of known and accepted safety measures, including but not limited to handrails, a fall safe system and anti-slip surfacing;

e. Failed to take reasonable precautions to either make its premises reasonably safe or give warnings as is reasonably necessary to inform of any foreseeable danger;

f. Failed to maintain the scaffolding in a reasonably safe condition;

g. Failed to warn Plaintiff or other invitees of the danger presented;

h. Failed to otherwise exercise due care with respect to the matters alleged in this complaint.

35. Defendants had a duty to maintain the scaffolding and the construction site as a reasonable and prudent person and a duty to exercise reasonable care and diligence to prevent unreasonable risks, hazards and harm to the public including the Plaintiff

36. That in connection with their management of the scaffolding described herein, Defendants violated their duty to the public and to the Plaintiff in that they:

37. As a direct and proximate result of the negligence of the Defendants as set forth above, Plaintiff sustained the following serious injuries and damages:

Pain and suffering;

a. Medical and other expenses; Present and Future;

b. Partial permanent injury and disability to important parts of his body;

c. Lost Wages;

d. Other damages, all in amounts not yet fully determined.

7

38. As a result, Plaintiff has been damaged in an amount in excess of twenty-five thousand dollars ($25,000.00) for bodily injuries, pain and suffering, medical and other expenses and lost wages incurred.

**WHEREFORE,** Plaintiff respectfully prays unto the Court as follows:

1. Plaintiff have and recover of the named Defendants, jointly and severally, a sum in excess of twenty five thousand dollars ($25,000) for personal injuries;

2. Plaintiff recover prejudgment interest, post-judgment interest, and attorney's fees, if allowed by law;

3. That the costs of this action be taxed to Defendants; and

4. For such other and further relief as the Court deems just and proper.

This the 25th day of June, 2019

**BRENT ADAMS & ASSOCIATES**

*Marlo Thaggard O'Tuel*
Marlo Thaggard O'Tuel, State Bar No. 34243
marlo@brentadams.com
Brenton D. Adams, State Bar No. 11
brent@brentadams.com
Post Office Box 1389
Dunn, North Carolina 28335
119 Lucknow Square
Dunn, NC 28334
Telephone: (910) 892-8177
Facsimile: (910) 892-0652
*Attorneys for Plaintiff*

8

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served the foregoing **AMENDED COMPLAINT WITH ORIGINAL COMPLAINT** attached thereto in the above-entitled action upon all parties to this cause by depositing a copy in a postpaid wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service, properly addressed to the parties, attorney or attorneys for said parties, as listed below by certified mail:

BrandSafway Services LLC
c/o CT Corporation System, Registered Agent
160 Mine Lake Court, Suite 200
Raleigh, NC 27615

Balfour Beatty Construction LLC
c/o Corporation Service Company, Registered Agent
2626 Glenwood Ave., Suite 550
Raleigh, NC 27608

BrandSafway LLC
c/o CT Corporation System, Registered Agent
160 Mine Lake Court, Suite 200
Raleigh, NC 27615

BrandSafway Solutions LLC
c/o CT Corporation System, Registered Agent
160 Mine Lake Court, Suite 200
Raleigh, NC 27615

Thyssenkrupp Safway, Inc.
c/o Secretary of State Elaine Marshall, Registered Agent
2 South Salisbury Street
Raleigh, NC 27601

Balfour Enterprises, Inc.
c/o Bryan Keith Gurley
Rt 1, Box 533 K
Concord, NC 28025

Safway Group Holdings LLC
c/o CT Corporation System, Registered Agent
160 Mine Lake Court, Suite 200
Raleigh, NC 27615

Balfour Beatty Infrastructure, Inc.
c/o CT Corporation System, Registered Agent
160 Mine Lake Court, Suite 200
Raleigh, NC 27615

BrandSafway Industries LLC
c/o CT Corporation System, Registered Agent
160 Mine Lake Court, Suite 200
Raleigh, NC 27615

Safway LLC
c/o Bryan M. Pfohl, Registered Agent
200 Horizon Drive, Suite 100
Raleigh, NC 27615-4947

Safway Transfer and Storage, Inc.
c/o Tommy Edd Johnson, Registered Agent
Rt. 4, Box 34a
Clyde, NC 28721

Balfour Beatty Equipment, LLC
c/o Corporation Service Company
2626 Glenwood Avenue, Suite 550
Raleigh, NC 27608

This the 25th day of June, 2019.

**BRENT ADAMS & ASSOCIATES**

*Marlo Thaggard O'Tuel*
Marlo Thaggard-O'Tuel
NC State Bar Number: 34243
Post Office Box 1389
Dunn, North Carolina 28334
(910) 892-8177
(910) 892-0652 *facsimile*
*Attorneys for Plaintiff*

9