IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:19-cv-00319-BO

| | |
|---|---|
| ANTHONY THOMPSON,<br><br>    Plaintiff,<br><br>v.<br><br>BALFOUR BEATTY INFRASTRUCTURE, INC.; BALFOUR BEATTY CONSTRUCTION, LLC; BALFOUR BEATTY EQUIPMENT, LLC; BALFOUR ENTERPRISES, INC.; BRANDSAFWAY SERVICES, LLC; SAFWAY GROUP HOLDINGS, LLC; BRANDSAFWAY, LLC; BRANDSAFWAY INDUSTRIES, LLC; BRANDSAFWAY SOLUTIONS, LLC; SAFWAY, LLC; THYSSENKRUPP SAFWAY, INC.; and SAFWAY TRANSFER AND STORAGE, INC.,<br><br>    Defendants. | **ANSWER OF DEFENDANTS BRANDSAFWAY SERVICES, LLC; SAFWAY GROUP HOLDING, LLC; BRANDSAFWAY INDUSTRIES, LLC; BRANDSAFWAY SOLUTIONS, LLC; BRANDSAFWAY, LLC; and THYSSENKRUPP SAFWAY, INC.** |

NOW COME defendants BrandSafway Services, LLC; Safway Group Holding, LLC; BrandSafway Industries, LLC; BrandSafway Solutions, LLC, BrandSafway, LLC and Thyssenkrupp Safway, Inc., by and through counsel, and answer the Complaint by alleging and stating as follows:

**FIRST DEFENSE**

These answering defendants deny every allegation of the Complaint not hereinafter admitted, modified, or explained. By way of further answer, these answering defendants respond to the specifically enumerated paragraphs of the Complaint as follows:

1. Admitted upon information and belief.

1

2. It is admitted that BrandSafway Services, LLC is a foreign corporation licensed to do business in North Carolina. Except as admitted, denied.

3. It is admitted that Safway Group Holdings, LLC is a foreign corporation licensed to do business in North Carolina. Except as admitted, denied.

4. It is admitted that BrandSafway, LLC is a foreign corporation licensed to do business in North Carolina. Except as admitted, denied.

5. It is admitted that BrandSafway Industries, LLC is a foreign corporation licensed to do business in North Carolina. Except as admitted, denied.

6. It is admitted that BrandSafway Solutions, LLC is a foreign corporation licensed to do business in North Carolina. Except as admitted, denied.

7. Denied.

8. Denied.

9. Denied.

10. It is admitted that BrandSafway Services, LLC is in the business of providing industrial services including scaffolding on job construction sites from time to time. Except as admitted, denied.

11-15. The allegations of paragraphs 11-15 are directed to defendants other than these answering defendants and, as such, require no response of these answering defendants. To the extent the allegations of paragraphs 11-15 allege the breach of any legal duty by these answering defendants, their employees or agents, the same are denied.

16-18. Denied for lack of information.

19. It is admitted that BrandSafway Services, LLC is in the business of providing industrial services including scaffolding on job construction sites from time to time. Except as admitted, denied.

20. Denied for lack of information.

21. It is admitted that BrandSafway Services, LLC is in the business of providing industrial services including scaffolding on job construction sites from time to time. Except as admitted, denied.

22-23. Denied for lack of information.

24. It is admitted that BrandSafway Services, LLC is in the business of providing industrial services including scaffolding on job construction sites from time to time. It is specifically denied that "Mike" was an employee or agent of BrandSafway Services, LLC. The remaining allegations of paragraph 24 call for legal conclusions to which no response is required of these answering defendants. To the extent the allegations of paragraph 24 allege the breach of any legal duty by these answering defendants, their employees or agents, the same are denied.

25-30. Denied for lack of information.

31. These answering defendants re-allege and incorporate by reference prior responses as if fully set forth.

32. Denied, including all subparts.

33. The allegations of paragraph 33 call for legal conclusions to which no response is required of these answering defendants. To the extent the allegations of paragraph 33 allege the breach of any legal duty by these answering defendants, their employees or agents, the same are denied.

34. Denied, including all subparts.

35. The allegations of paragraph 35 call for legal conclusions to which no response is required of these answering defendants. To the extent the allegations of paragraph 35 allege the breach of any legal duty by these answering defendants, their employees or agents, the same are denied.

36. Denied.

37. Denied, including all subparts.

38. Denied.

## SECOND DEFENSE
### (Contributory Negligence)

As a second and further defense, and without waiving any other defenses, these answering defendants allege that even if they were negligent, which is again denied, then plaintiff's own negligence was a contributing proximate cause of his injuries and of the damages sought to be recovered in this action in that, upon information and belief, plaintiff failed to exercise reasonable care for his own safety; failed to follow and adhere to established safety practices and guidelines for ascending and descending scaffolding; failed to review safety instructions and warnings that were provided with the subject scaffolding; failed to follow safety instructions and warnings that were provided to him; and was contributorily negligent in such other respects as may be adduced through discovery or at trial. The contributory negligence of plaintiff is asserted in complete bar of any recovery in this action.

## THIRD DEFENSE
### (Employer Negligence)

As a fourth and further defense, and without waiving any other defenses, these answering defendants allege that, upon information and belief, plaintiff was employed by and acting within the course and scope of his employment with Contaminant Control, Inc. at the time of the

incident which is the subject of this suit; and that Contaminant Control, Inc., by and through its employees and agents, was also negligent and that such negligence joined and concurred with the alleged but denied negligence of these answering defendants as a proximate cause of the incident which is the subject of this suit.

More particularly, these answering defendants allege that Contaminant Control, Inc. failed to adequately train and/or instruct plaintiff as to established safety precautions and procedures to be exercised while working on scaffolding; failed to provide plaintiff with the safety instructions and warnings provided with the scaffolding; failed to require plaintiff to review the safety instructions and warnings provided with the scaffolding; failed to confirm that plaintiff reviewed the safety instructions and warnings provided with the scaffolding to ensure that plaintiff understood the safety instructions and warnings; failed to adequately train and/or instruct the employees with whom plaintiff was working on the day in question, including plaintiff's supervisor, as to established safety precautions and procedures to be exercised while working on scaffolding; failed to provide the employees with whom plaintiff was working on the day in question, including plaintiff's supervisor, with the safety instructions and warnings provided with the scaffolding; failed to require the employees with whom plaintiff was working on the day in question, including plaintiff's supervisor, to review the safety instructions and warnings provided with the scaffolding; failed to confirm that the employees with whom plaintiff was working on the day in question, including plaintiff's supervisor, reviewed the safety instructions and warnings provided with the scaffolding to ensure that they understood the safety instructions and warnings; and was negligent in such other respects as may be adduced through discovery or at trial.

These answering defendants allege that the negligence of Contaminant Control, Inc., by and through its employees and agents, joined and concurred with the alleged but denied negligence of these answering defendants in proximately causing the incident which is the subject of this suit and, pursuant to the provisions of N.C. Gen. Stat. §97-10.2(e), Contaminant Control, Inc., as plaintiff's employer, and such employer's worker's compensation carrier are barred from any recovery for which they would otherwise be entitled under the provisions of the North Carolina Worker's Compensation Act. Further, these answering defendants allege that they are entitled to a pro tanto reduction, setoff or credit against any award in the amount of any worker's compensation benefits paid to date or payable in the future.

### FOURTH DEFENSE

As a fourth and further defense, and without waiving any other defenses, these answering defendants and the undersigned counsel allege that their investigation of the allegations of the Complaint is ongoing, and these answering defendants and the undersigned counsel reserve the right to assert such additional defenses as may become apparent through discovery and further investigation.

WHEREFORE, these answering defendants pray unto the Court:

1. That plaintiff have and recover nothing of these answering defendants;

2. That any award in favor of plaintiff and against these answering defendants be reduced pro tanto by the amount of any worker's compensation benefits paid to plaintiff or payable in the future;

3. That the costs of this action be taxed to a party or parties other than these answering defendants as allowed by law;

4. That these answering defendants receive a jury trial as to all issues so triable; and

5.  For such other and further relief as to the Court may seem just and proper.

This the 31st day of July, 2019.

                        YOUNG MOORE AND HENDERSON P.A.

                        BY:     /s/ Brian O. Beverly
                                BRIAN O. BEVERLY
                                State Bar No. 21925
                                P.O. Box 31627
                                Raleigh, NC 27622
                                Phone: (919) 782-6860
                                Fax:   (919) 782-6753
                                brian.beverly@youngmoorelaw.com
                                *Attorney for BrandSafway Services, LLC;*
                                         *Safway Group Holdings, LLC;*
                                         *BrandSafway Industries, LLC;*
                                         *BrandSafway Solutions, LLC;*
                                         *BrandSafway, LLC; and*
                                         *Thyssenkrupp Safway, LLC*

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he served the foregoing document upon the attorney(s) shown below by depositing a copy of same in the United States mail, postage prepaid, addressed to said attorney(s).

This the 31st day of July, 2019.

                                       YOUNG MOORE AND HENDERSON P.A.

                                BY:      /s/ Brian O. Beverly
                                              BRIAN O. BEVERLY
                                              State Bar No. 21925
                                              P.O. Box 31627
                                              Raleigh, NC 27622
                                              Phone: (919) 782-6860
                                              Fax:   (919) 782-6753
                                              brian.beverly@youngmoorelaw.com
                                              *Attorney for BrandSafway Services, LLC;*
                                                   *Safway Group Holdings, LLC;*
                                                   *BrandSafway Industries, LLC;*
                                                   *BrandSafway Solutions, LLC;*
                                                   *BrandSafway, LLC; and*
                                                   *Thyssenkrupp Safway, LLC*

Served on:

Marlo Thaggard-O'Tuel
Brenton D. Adams
Brent Adams & Associates
P.O. Box 1389
Dunn, NC 28335
*Attorneys for Plaintiff*

John Heuer, SVP/Legal
Balfour Beatty
1930 Camden Road, Suite 280
Charlotte, NC 28203
*Attorneys for Balfour Defendants*

Contaminant Control, Inc.
c/o registered agent,
Mark Vestal
3434 Black and Decker Rd.
Hope Mills, NC 28348-9331

Safway Transfer and Storage, Inc.
c/o Tommy Edd Johnson, Registered Agent
Rt. 4, Box 34a
Clyde, NC 28721

Amy E. Richardson
Harris Wiltshire & Grannis, LLP
1033 Wade Avenue Suite 100
Raleigh, North Carolina 27605
*Attorneys for Safway, LLC*

4758509/900169-003